UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                     **CRIMINAL ACTION**

**VERSUS**

**DANIEL WILTZ, ET AL**                          **NO. 08-29-C**

## RULING ON MOTIONS

Before the Court is the Defendant Daniel Wiltz's pending Motion for Bill of Particulars (Doc. No. 58) and Motion to Dismiss Count 8 of the Indictment (Doc. No. 68).[1] Defendant Daniel Wiltz ("Wiltz") is charged in two counts of a twelve count indictment filed on March 13, 2008. Count Three of the indictment charges Wiltz, along with other defendants, with conspiring to commit mail fraud and wire fraud, in violation of Title 18 U.S.C. § 371, and Count Eight of the indictment charges Wiltz with making false statements in violation of Title 18 U.S.C. § 1001(a)(2).

On February 6, 2009, Wiltz filed a Motion for Bill of Particulars (Doc. No.58); and a Motion to Dismiss Count 8 of the Indictment (Doc. No. 68). The government has responded to each of Wiltz's motions. With the arguments of both parties

---

[1] Defendant Daniel Wiltz also filed a Motion in Limine to Exclude Testimonial Hearsay Statements of Alleged Co-Conspirators; Motion to Dismiss Count 3; and Motion to Severe which are addressed in a separate ruling.

Doc#1876

submitted, the Court is now prepared to rule.

## A. Motion for Bill of Particulars

Wiltz argues that he is entitled to a Bill of Particulars under Rule 7(f) of the Federal Rules of Criminal Procedure. Wiltz adopted the Memorandum in Support of Motion for Bill of Particulars filed by co-defendant Krista Nesbit with changes made by Wiltz as applicable to him. Through his motion, Wiltz contends that the bill of particulars address areas that are black and white rather than gray. Wiltz further contends that the government must identify undisclosed and unidentified co-conspirators, aiders, and abettors. Wiltz also contends that the government must provide particularization of allegedly false statements made by defendants. Hence, Wiltz requests the following particulars, under the indictment:

> 1) As to paragraph 22(e) of the indictment, please describe with specificity all the information Wiltz provided to Hartford concerning the operation and finances of American Wholesale Furniture that the government claims was false.
>
> 2) As to paragraph 23(j) please describe with specificity all the information provided by Wiltz during an examination under oath conducted by Hartford representatives that the government claims were false.
>
> 3) Please state the date that the ATF arson investigation revealed to ATF investigators that "Wiltz affirmatively and repeatedly told the bank officials that he wanted the check to be cashed by Brett Henderson and he insisted that Brett Henderson be given $200,000 in cash that same day," as alleged in paragraph 31.
>
> 4) As to paragraph 32, please state the exact statements made by Wiltz on or about September 14, 2007 to ATF Special Agent Joseph P. Gahn concerning the $200,000 check written to Brett Henderson.

5) As to paragraph 32, please describe with specificity how the statements made by Wiltz on or about September 14, 2007 to ATF Special Agent Joseph P. Gahn influenced or affected the ATF and the ATF arson investigation.

6) Please name all unindicted conspirators.

7) Please describe with particularity any overt acts the government alleges were committed by any such unindicted co-conspirators.

In opposition, the Government responds that the indictment, combined with discovery provided to the defendant is sufficient to fully apprise the defendant of the charges pending against him and to allow him to adequately prepare for trial. The Government asserts that the indictment is detailed and each count in which Wiltz is named alleges all of the statutory elements of the charged offense, and provides additional details of the crime with which the defendant is charged. Additionally, the Government notes that during discovery it produced in excess of 10,000 pages of documents to the defendant.

Rule 7(f) of the Federal Rules of Criminal Procedure provides, as follows:

> **(f) Bill of Particulars.** The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

"The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him,

and to enable double jeopardy to be pled in case of a subsequent prosecution."[2] A court must consider a defendant's need for information while mindful that the bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."[3] The standard for denying a defendant's request for a bill of particulars is very similar to the standard for dismissing an indictment.[4] Furthermore, when any information absent from the indictment is provided to the defendant by some other means, such as through discovery, a bill of particulars is not required.[5] Whether to grant a bill of particulars is within a trial court's sound discretion; for practical purposes, the trial court's discretion is almost invariably final.[6]

After reviewing the indictment as well as the arguments of both parties, the court finds that the allegations contained in the indictment are sufficient to preclude the risk of surprise at trial, to allow Wiltz to prepare a defense, and to prevent any risk of double jeopardy in a subsequent proceeding. The conspiracy alleged in this

---

[2] **United States v. Mackey,** 551 F.2d 967, 970 (5th Cir. 1977).

[3] **United States v. Burgin,** 621 F.2d 1352, 1359 (5th Cir.), cert. denied, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980).

[4] See **United States v. Moody,** 923 F.3d 341, 351 (5th Cir.), cert. denied, 502 U.S. 821, 112 S.Ct. 80, 116 L.Ed.2d 54 (1991).

[5] See **United States v. Marrero,** 904 F.3d 251, 258 (5th Cir.), cert. denied, 498 U.S. 1000, 111 S.Ct. 561, 112 L.Ed.2d 567 (1990).

[6] See **Mackey,** 551 F.2d at 970.

case is relatively straightforward. In addition, the government has set forth sufficient details as to the conspiracy in the Manner and Means of the Conspiracy Section and the Overt Acts Section of the indictment. With regard to Count Eight, the indictment also includes a specific date on which WILTZ provided false information to Hartford representatives. The court notes that the government indicated that it has provided Wiltz with a transcript of that examination with the Hartford representatives. Additionally, the government also indicates that it provided Wiltz with a detailed report of his September 14, 2007 meeting with ATF. While a defendant is "entitled to a plain concise statement of the essential facts constituting the offenses charged, the indictment need not provide him with the evidentiary details by which the government plans to establish his guilt."[7] The Court finds that the bill of particulars filed in this case seeks information beyond that normally available through a bill of particulars and, therefore, the request should be denied.

With regard to Wiltz's request for disclosure of unindicted co-conspirators and a list of any overt acts committed by these unindicted co-conspirators, there is generally no right to a list of names of government witnesses through a bill of particulars.[8] "[T]here is no general requirement that the government disclose in a bill

---

[7] **United States v. Gordon,** 780 F.2d 1165, 1171-72 (5th Cir. 1986).

[8] **United States v. Pena,** 542 F.2d 292, 294 (5th Cir. 1976).

of particulars all the overt acts it will prove in establishing a conspiracy charge.[9] Besides, the defendant is obligated to show that he will be prejudiced if he does not receive the information sought in his bill of particulars.[10] The court finds that Wiltz is not entitled to receive the information which he seeks.

**B. Motion to Dismiss Count 8 of the Indictment (Doc. No. 68)**

Through this motion, Wiltz seeks dismissal of Count 8 of the Indictment wherein Wiltz is charged with making a false statement to an ATF agent in violation of 18 U.S.C. § 1001(a)(2). Wiltz contends that Count 8 should be dismissed because the alleged false statements are not adequately set forth, nor are they, material to the ATF investigation. In opposition, the Government asserts that each element of the offense in Count 8 is sufficiently alleged with particularly and is specific enough to protect against double jeopardy.

The Fifth Circuit has held to establish a violation of 18 U.S.C. § 1001, the Government must prove the following five elements: (1) a statement, that is (2) false (3) and material, (4) made with the requisite specific intent, [and] (5) within the purview of government agency jurisdiction."[11] After reviewing the indictment, the

---

[9] **United States v. Quesada,** 512 F.2d 1043, 1046 (5th Cir.), cert. denied, 423 U.S. 946, 96 S.Ct. 356, 46 L.Ed.2d 277 (1975).

[10] See **United States v. Barrentine,** 591 F.2d 1069, 1077 (5th Cir.), cert. denied, 444 U.S. 990, 100 S.Ct. 521, 62 L.Ed.2d 419 (1979).

[11] **United States v. Shah,** 44 F.3d 285, 289 (5th Cir. 1995)(citations omitted).

Court finds that the allegations in the indictment are sufficient to plead a Section 1001 violation. The court points out that "it is not essential that the government, in the indictment, set up verbatim the factual bases for its allegation of falsity, so long as the facts to be proved are implicit in the allegations."[12] As to whether the statement was material is a factual question that will be determined by the jury.[13] Accordingly, the Court finds that Wiltz's Motion to Dismiss Count 8 of the Indictment should be denied.

## Conclusion

For the foregoing reasons:

IT IS ORDERED that the Motion for Bill of Particulars (Doc. No. 58) and the Motion to Dismiss Count 8 (Doc. No. 68) are are hereby DENIED.

Baton Rouge, Louisiana, this 29th day of November, 2010.

RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[12] **United States v. Moree,** 897 F.3d 1329, 1334 (5th Cir. 1990).

[13] See **United States v. Upton,** 91 F.3d 677, 685 (5th Cir. 1996), cert. denied, 520 U.S. 1228, 117 S.Ct. 1818, 137 L.Ed.2d 1027 (1997).